UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TIMOTHY LEON WRIGHT,

        Plaintiff,

v.                                            Case No. 3:22-cv-1271-BJD-PDB

JUDGE DANIEL, et al.,

        Defendants.
_____

## ORDER OF DISMISSAL WTHOUT PREJUDICE

Plaintiff, a pretrial detainee at the Nassau County Jail, initiated this action by filing a civil rights Complaint under 42 U.S.C. § 1983. Doc. 1. Plaintiff has not paid the filing fee or moved to proceed as a pauper. He sues three Defendants – State Circuit Court Judge James Daniel, Assistant Public Defender Thomas Townsend, and Assistant State Attorney Susan Haag. *Id.* at 2-3. Plaintiff is currently in pretrial custody for a pending state court criminal case in which the state is prosecuting Plaintiff for trafficking in methamphetamine, driving while license suspended, and failure to appear (felony). *See State v. Wright*, No. 2021-CF-557 (Fla. 4th Cir. Ct.).

While the Complaint is not a picture of clarity, Plaintiff appears to allege that Defendants conspired to violate Plaintiff's constitutional rights. Doc. 1 at 4. According to Plaintiff, on September 9 or 12, 2022, after swearing in the jury,

Defendant Haag forced Defendant Townsend, who was Plaintiff's attorney, to become a witness against Plaintiff because the state had no evidence of Plaintiff's guilt to present at trial. *Id.* He claims that in furtherance of that conspiracy, Defendant Daniel declared a mistrial. *Id.* at 4-5. Plaintiff argues that had the trial proceeded, he would have been acquitted and released from custody. *Id.* at 5. Plaintiff asserts that Defendants' conspiracy to cause a mistrial has resulted in Plaintiff suffering several months of false imprisonment and loss of time with family. *Id.* As relief, Plaintiff requests $2,000 in compensatory damages and $1,000 in punitive damages. *Id.*

The Prison Litigation Reform Act requires the Court to dismiss a case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915, 1915A(b)(1). The Court liberally construes the pro se plaintiff's allegations. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011). But the duty of a court to construe pro se pleadings liberally does not require the court to serve as "de facto counsel" for the plaintiff. *Freeman v. Sec'y, Dept. of Corr.*, 679 F. App'x. 982, 982 (11th Cir. 2017) (citing *GJR Inv., Inc. v. Cnty. Of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). *See also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)). In reviewing a complaint, a court must accept the plaintiff's allegations as true, liberally construing those by a plaintiff proceeding pro se, but need not accept as true legal conclusions. *Iqbal*, 556 U.S. at 678.

To the extent that Plaintiff asserts Defendants "conspired" to cause a mistrial and violate his constitutional rights, his allegations are insufficient. To state a plausible claim for conspiracy, Plaintiff must allege that Defendants

3

made and shared a single plan to deprive Plaintiff of a federal right which caused an injury to Plaintiff. *See Burge v. Ferguson*, 619 F. Supp. 2d 1225, 1237 (M.D. Fla. 2008) (holding to properly state a claim for conspiracy under § 1983, a plaintiff must allege, with specificity, that the defendants agreed to deny the plaintiff his constitutional rights, and that defendants did, in fact, violate plaintiff's constitutional rights). But a review of Plaintiff's state court docket shows that his state court proceedings are still in the pretrial phase and have not yet advanced to jury selection.[1] *See Wright*, No. 2021-CF-557. Plaintiff alleges that a jury was selected on September 9 or 12, 2022, however, his assertions are misplaced. Indeed, the state court held no in court proceedings on September 9, 2022. *Id.* And while the state court conducted a pretrial status conference on September 12, 2022, at that hearing, the trial court only considered and granted Defendant Townsend's Motion to Withdraw because of a conflict of interest and appointed the Office of Regional Conflict Counsel to represent Plaintiff. *Id.* Plaintiff, with help from appointed counsel, then filed a "Suggestion of Mental Incompetence," which is still pending with the state court. *Id.* Jury selection for is scheduled for March 3, 2023, and Plaintiff's next

---

[1] The Court takes judicial notice of Plaintiff's state court dockets. *See McDowell Bey v. Vega*, 588 F. App'x 923, 927 (11th Cir. 2014) (holding that district court did not err in taking judicial notice of the plaintiff's state court docket when dismissing § 1983 action); *see also Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) ("[D]ocket sheets are public records of which the court could take judicial notice.").

4

pretrial conference is scheduled for January 12, 2023. *Id.* Thus, his allegation that Defendants "conspired" to cause a mistrial immediately following the swearing in of a jury is without factual support and unfounded because his state court case has not yet proceeded to jury selection or trial. Rather, Plaintiff merely speculates about the existence of a conspiracy, but his vague and conclusory allegations unsupported by material facts are insufficient. *Twombly*, 550 U.S. at 565 (recognizing that allegations of conspiracy must be supported by allegations of fact that support a "plausible suggestion of conspiracy," not merely a "possible" one); *see also Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984) (A court may properly dismiss a conspiracy claim if it includes only conclusory allegations and does not contain specific facts to inform the defendant "of the nature of the conspiracy alleged.").

Further, "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *Medina v. Minerva*, 907 F. Supp. 379, 382 (M.D. Fla. 1995) ("[P]ublic defenders and their assistants generally do not act under color of state law when representing indigent defendants in criminal proceedings, and therefore cannot normally be sued in a section 1983 case for actions arising out of such representation."). Thus, Plaintiff has failed to state a claim for which relief may be granted, as Defendant Townsend does not act under color of state law when "performing

5

his traditional functions as [Plaintiff's] counsel" in his state court criminal proceeding. *Dodson*, 454 U.S. at 325.

Likewise, insofar as Plaintiff seeks money damages against Defendant Haag for her actions in prosecuting Plaintiff's state court case, those claims are also due to be dismissed. Prosecutors are "entitled to absolute immunity from damages for acts or omissions associated with the judicial process, in particular, those taken in initiating a prosecution and in presenting the government's case." *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999); *Fullman v. Graddick*, 739 F.2d 553, 558-59 (11th Cir. 1984)). Thus, Plaintiff's request for monetary damages against Defendant Haag are due to be dismissed.

Also, as to Plaintiff's claims against Defendant Daniel, judges are absolutely immune from damages for those acts taken while they are acting in their judicial capacity, provided such acts are not done in clear absence of all jurisdiction. *Bolin*, 225 F.3d at 1239; *Simmons v. Conger*, 86 F.3d 1080, 1084-85 (11th Cir. 1996). This immunity applies even if the judge's acts are in error, were malicious, or exceeded his jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Thus, Plaintiff's request for monetary damages from Defendant Daniel are due to be dismissed.

Finally, and perhaps most importantly, much of Plaintiff's allegations

deal with his ongoing state court criminal case. This Court will abstain from interfering with those proceedings. Plaintiff may address his concerns with the state court by filing an appropriate motion in that court or voicing his concerns at a scheduled hearing.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 8th day of December, 2022.

$\underline{\hspace{4cm}}$
BRIAN J. DAVIS
United States District Judge

Jax-7

C: Timothy Leon Wright, #74761